UNITED STATES of America, Plaintiff,

v.

Ronnie ROMERO, Defendant.

No. CR 84–170.

United States District Court,
D. New Mexico.

Nov. 2, 1984.

---

**3.** This finding makes it unnecessary to reach the issues presented by District 1199C's estoppel argument.

William L. Lutz, U.S. Atty., Robert J. Baca, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff.

Tova Indritz, Federal Public Defender, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

BALDOCK, District Judge.

The narrow issue before the court is whether a defendant who committed an offense prior to the repeal of the Youth Corrections Act on October 12, 1984, may be sentenced under the Act, notwithstanding that the defendant's date of conviction is subsequent to the repeal of the Act.

On October 26, 1984, the Indian defendant entered a plea of guilty to aggravated assault with a deadly weapon, N.M. Stat.Ann. § 30–3–2(A) (1984 Repl.Pamp.), pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13. Aggravated assault is a fourth degree felony. N.M.Stat.Ann. § 31–18–15(A)(4) (1981 Repl.Pamp.). The basic sentence of imprisonment for a fourth degree felony is eighteen months and the fine may not exceed $5,000. After a sentencing hearing, the court may alter a basic sentence by one-third upon a finding that aggravating or mitigating circumstances were involved. N.M.Stat.Ann. 31–18–15.1 (1983 Repl.Pamp.). Any sentence which might be imposed under the Youth Corrections Act, 18 U.S.C. ch. 402, could not be for a term greater than that allowed under the above state law. *United States v. Dunn*, 545 F.2d 1281 (10th Cir.1976).

Normally, a youth offender could be sentenced under the Youth Corrections Act to a six year indeterminate sentence with conditional release under supervision not later than four years after the date of conviction, 18 U.S.C. §§ 5010(b), 5017(c). Where the underlying offense is punishable by imprisonment exceeding six years, the court may sentence the youth offender for an indeterminate term not exceeding the maximum for the underlying offense with conditional release not later than two years before the expiration of the term set by the court. 18 U.S.C. §§ 5010(c), 5017(d). Of course, probation under the Youth Correc-

tions Act also is an alternative. 18 U.S.C. § 5010.

The Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (Title II) repealed the Youth Corrections Act. *See* Comprehensive Crime Control Act of 1984 §§ 218(a)(8) (repealing ch. 402 of Title 18—Federal Youth Corrections Act) & 235(a)(1)(A) (making repeal effective on the date of enactment (October 12, 1984)). At first blush, it appears that the Youth Corrections Act would not be available where a defendant was convicted after its repeal, notwithstanding that the defendant's offense was committed while the Youth Corrections Act was still in force.

 A "youth offender" is defined as "a person under the age of twenty-two years at the time of conviction." 18 U.S.C. § 5006(d). Conviction for purposes of the Youth Corrections Act means the pronouncement of guilt whether by plea or verdict. 18 U.S.C. § 5006(d); *Jenkins v. United States*, 555 F.2d 1188, 1190 (4th Cir.1977). The classification scheme in the Act revolves around the date of conviction, as opposed to the date of the offense, or of the sentence. *United States v. Branic*, 495 F.2d 1066, 1070 (D.C.Cir.1974); *compare* 18 U.S.C. § 5006(d) *with* 18 U.S.C. § 4216 (time of conviction controls for classification as "youth offender" or "young adult offender").

At the defendant's date of conviction, the Youth Corrections Act had been repealed and ostensibly its provisions would not be available at the defendant's later sentencing. The difficulty with that conclusion, however, is that the Act was in effect at the date of the offense as a potential sentencing option.

 The *ex post facto* clause of the Constitution prohibits Congress from passing *ex post facto* laws. U.S. Const. art. I, § 9, cl. 3. Thus, a law which "imposes punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed" may not be enacted. *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277 at 326–27, 18 L.Ed. 356 (1867). Similarly, a law which eliminates an advantageous sentencing option available at the date of the offense may be an *ex post facto* law. *Lindsey v. Washington*, 301 U.S. 397, 401–402, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1973). Any *ex post facto* analysis must focus upon the law in effect at the date of the offense for which the defendant is being sentenced. *United States ex rel. Forman v. McCall*, 709 F.2d 852, 856 (3rd Cir.1983).

The Supreme Court in *Weaver v. Graham*, 450 U.S. 24 at 29, 101 S.Ct. 960 at 964, 67 L.Ed.2d 17 (1981), said that two critical elements must be present for a criminal law to be *ex post facto:* "[I]t must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." (footnote omitted). This test must be applied to the repeal of the Youth Corrections Act to determine whether that repeal is constitutional as applied to the defendant in this case.

 A law is retrospective if it "changes the legal consequences of acts completed before its effective date." *Id.* at 31, 101 S.Ct. at 965. Merely because a law, such as the law repealing the Youth Corrections Act, applies only after its effective date does not end the inquiry because the effect of the law on a previous occurrence must be considered. *Id.* In this case, on the date of the offense, the defendant could have been sentenced under the Youth Corrections Act, but now may not be if the repeal is effective. Of course, the trial court may sentence a youth offender to a regular determinate sentence upon a finding that he will not benefit from being sentenced under the Act. 18 U.S.C. § 5010(d); *Watts v. Hadden*, 651 F.2d 1354, 1357 (10th Cir.1981). But the repeal of the Act certainly eliminates sentencing options that were available at the date of the offense and, therefore, the law repealing the Act is retrospective.

The more difficult question is whether the repeal of the Act disadvantages a defendant. In making this determination, the court takes an objective look at the poten-

tial sentences associated with an offense both at the date of the offense and at the date of conviction.

In theory, the purpose of confinement under the Act is for rehabilitation rather than punishment. *Dorszynski v. United States,* 418 U.S. 424, 433, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974). Defendants are sentenced to treatment and supervision under the Act rather than imprisonment. 18 U.S.C. §§ 5010(b) & (c). *See also* H.R. Rep. No. 2979, 81st Cong. 2d Sess., *reprinted in,* 1950 U.S.Code Cong. & Admin. News 3983–3993 (Act "departs from the mere punitive idea of dealing with criminals and looks primarily to the objective idea of rehabilitation" (at 3985)). Treatment is defined as "corrective and preventive guidance and training designed to protect the public by correcting the antisocial tendencies of youth offenders." 18 U.S.C. § 5006(f).

Notwithstanding the laudable objectives of the Act, many defendants would rather receive a regular determinate sentence than an indeterminate six year sentence under the Act. *Watts v. Hadden,* 651 F.2d 1354, 1357 n. 2 (10th Cir.1981). This especially is true where the defendant is convicted of a misdemeanor or of a felony offense carrying a maximum term of imprisonment substantially less than four years. *United States v. Donelson,* 695 F.2d 583 (D.C.Cir.1982); *United States v. Van Lufkins,* 676 F.2d 1189 (8th Cir.1982) (youth offender convicted of misdemeanor sentenced to six years indeterminate sentence).

■ A defendant would not be disadvantaged by the repeal of those provisions in the Youth Corrections Act which increase his potential for confinement and, accordingly, those provisions are repealed and no longer available. A defendant who committed an offense prior to repeal would be disadvantaged by the repeal of those provisions in the Act which might work in his favor should the court find that he would benefit under the Act. Those provisions include: 1) probation with the conviction set aside after early unconditional discharge, 18 U.S.C. §§ 5010(a), 5021(b), 2) treatment with the conviction set aside after early unconditional discharge, 18 U.S.C. §§ 5010(b) or (c), 5017(a) & (b), 5021, 3) conditional release at any time with no minimum time served, 18 U.S.C. 5017(a), 4) unconditional release after one year from conditional release, 18 U.S.C. § 5017(c), 5) response to treatment considered in conditional release decisions, *Watts v. Hadden,* 651 F.2d 1354, 1375–78 (10th Cir.1981) and 6) segregation of youth offenders from adult offenders insofar as practical, 18 U.S.C. § 5011.

■ The repeal of the Youth Corrections Act is an *ex post facto* law to the extent that it precludes the court from considering the above provisions in sentencing a youth offender who committed an offense prior to the repeal of the Act. There are two reasons. The repeal is retrospective because it changes the potential sentencing options that were available at the date of the offense. As to certain provisions in the Act, the repeal is to the disadvantage of a defendant because the opportunity to be sentenced under those provisions is eliminated. Consequently, subject to the power of the court to find that the defendant will not benefit from treatment under Act, 18 U.S.C. § 5010(c), I will consider the Act in sentencing the defendant.