**UNITED STATES of America,**

v.

**Leonard Frank DAVISON, Defendant.**

**Crim. No. 2–74–11.**

United States District Court,
D. Idaho.

March 16, 1987.

---

Maurice O. Ellsworth, U.S. Atty., D. Idaho, Ronald D. Howen, Asst. U.S. Atty., D. Idaho, Boise, Idaho, for plaintiff.

David Z. Nevin, Seiniger & Nevin, Boise, Idaho, for defendant.

## ORDER

RYAN, District Judge.

Davison is serving a sentence imposed by Judge J. Blaine Anderson under the Youth Corrections Act (YCA). Davison is housed in a YCA facility in Colorado. Request was made to conduct a hearing to change the status of the defendant from under the YCA to adult status so he could be transferred to an adult facility. A no-benefit hearing was requested. This court conducted a hearing on November 21, 1986, to take up the issue of what process is due to the defendant in a no-benefit hearing and the scope of the no-benefit hearing.

In *Ralston v. Robinson,* 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), the Court held that the YCA does not preclude a subsequent sentencing court from making the determination of no-benefit, and thereby effectively terminating any continuing requirement of YCA treatment under a prior sentence. *See In re Coates,* 711 F.2d 345 (D.C.1983). There are, however, restrictions on the court's ability to change a YCA sentence to an adult sentence. *See United States v. Won Cho,* 730 F.2d 1260 (9th Cir.1984).

At the hearing in this matter, the court expressed concern regarding whether it had any jurisdiction to act in any capacity as to the YCA since it has been repealed. The court requested counsel to submit briefing on the issue, which has been completed.

The parties agree that no cases can be found as to the effect of repeal of the YCA with respect to the continuing ability of the district court to engage in a no-benefit hearing for individuals incarcerated under the YCA. The United States takes the position that numerous cases, decided before repeal of the Act, provided for a no-benefit hearing and those persons still serving sentences under the YCA should continue to be subject to those hearings. The defendant takes the position that repeal of the Act did away with any authority the district courts had under the Act, including the right to conduct no-benefit hearings.

In analyzing an *ex post facto* challenge, the court in *United States v. Romero,* 596 F.Supp. 446 (D.N.M.1984), stated that the two elements critical to an analysis of the *ex post facto* clause are (1) that it must be retrospective; that is, it must apply to events occurring before a statute's enactment; and (2) it must disadvantage the offender affected by it. *Id.* at 448. The *Romero* court was looking at the situation where the offense was committed prior to the repeal of the Act, but conviction and sentencing occurred after the YCA was repealed. The court stated that, "[i]n this case, on the date of the offense, the defendant could have been sentenced under the

Youth Corrections Act, but now may not be if the repeal is effective." *Id.* The court found that the repeal of the YCA was ex post facto under the circumstances.

It is upon *Romero* that the Department of Justice has taken the position that the repeal is applicable only as to offenses committed after the date of enactment. U.S. Department of Justice, *Handbook on the Comprehensive Crime Control Act of 1984 and Other Criminal Statutes Enacted by the 98th Congress* at 32 (1984). The Bureau of Prisons continues to maintain separate facilities for persons sentenced under the YCA. In the "Crime Control and Fine Enforcements Acts of 1984: A Synopsis," authored by Anthony Partridge and published by the Federal Judicial Center in January of 1985, the author notes the position of the Department of Justice and states that: "The continued application of the Youth Corrections Act is based on the *ex post facto* clause, an offender who would prefer an adult sentence can presumably claim the benefit of the repeal. In *Romero*, 596 F.Supp. at 448–49, the court took an 'objective look' to determine which provisions of the act were to the advantage of a defendant and therefore saved by the *ex post facto* clause." *Id.* at 31.

It appears that the Department of Justice decided to maintain the YCA facilities upon a determination that automatic conversion of YCA sentences to adult sentences upon repeal of the Act would present *ex post facto* problems. While no court has declared such to be the case, it would appear to be true, especially in light of explicit findings in cases like *United States v. Won Cho*, 730 F.2d 1260 (9th Cir.1984), in which the court finds that an adult sentence of a given length is more severe than a YCA sentence of that same length.

Congress repealed the YCA without a savings clause. Congress saw fit not to make any provision in the repeal for the continued status of YCA offenders. Congress, obviously cognizant of rulings upholding the district court's right to make a no-benefit finding, repealed those provisions upon which authority to make such a finding was based. For this court to engage in a no-benefit hearing would in effect write into statute a savings clause for those provisions of the YCA which Congress repealed without a savings clause. The YCA has evaporated and any authority or duty which this court had during the dates the Act was in effect is gone. The mere fact that the Department of Justice has administratively determined that the *ex post facto* clause prohibits it from dismantling the infrastructure set up to accommodate sentencing under the YCA has no bearing upon the issue before this court. Whether it is proper for the Bureau of Prisons to maintain that infrastructure is not before this court. The court can find no authority to act in any way under the YCA.

It is interesting to note that this defendant claims the right to continued treatment in the Youth Corrections facility pursuant to the administrative decision of the Department of Justice while another inmate may very well have the equal right to suggest to the Bureau of Prisons and Department of Justice that since the YCA is repealed, they have no right to keep him in the program if he wishes to transfer to an adult sentencing status. However, this is not the court's concern. The court lacks jurisdiction, due to the repeal of the YCA, to entertain the government's Motion to Amend Judgment and Commitment, and Previous Sentence Imposed and for a no-benefit hearing. The repeal of the YCA leaves this court without power or authority to further proceed in this matter.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the government's Motion to Amend Judgment and Commitment, and Previous Sentence Imposed, and motion for a no-benefit hearing should be, and are hereby, DENIED. This court lacks jurisdiction and authority to act in this matter.