TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------

|  |  |
|---|---|
| OPINION | : |
| of | : No. 87-1203 |
| JOHN K. VAN DE KAMP | : JUNE 15, 1988 |
| Attorney General | : |
| ANTHONY S. DaVIGO | : |
| Deputy Attorney General | : |

-----------------------------------------------------------------

THE HONORABLE LOUISE H. RENNE, CITY ATTORNEY, CITY AND COUNTY OF SAN FRANCISCO, has requested an opinion on the following question:

Is a person whose felony conviction has been set aside pursuant to the Federal Youth Corrections Act eligible for employment in California as a peace officer?

CONCLUSION

A person whose felony conviction has been set aside pursuant to the Federal Youth Corrections Act is eligible for employment in California as a peace officer. However, the conviction may be considered as a basis for an employment decision.

ANALYSIS

Section 5021, subsection (b), of the Federal Youth Corrections Act (tit. 18 U.S.C. § 5005 et seq.)[1] provided:

---

[1]Repealed by Public Law 98-473, title II, section 218(a)(8), October 12, 1984, 98 Statutes 2027. Where a youth offender whose offense preceded the date of repeal of the Act had been granted or had qualified for a section 5021 certificate, it is immaterial that the act was subsequently repealed. (Cf. United States v. Romero (D. NM, 1984) 596 F.Supp. 446, 448.)

"Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

The inquiry presented is whether an individual who was convicted of a felony in a federal court, placed on probation, and unconditionally discharged from probation prior to the expiration of its maximum period, may thereafter be employed in this state as a peace officer. Government Code section 1029 provides in part as follows:

"(a) Except as provided in subdivision (b), (c), or (d), each of the following persons is disqualified from holding office as a peace officer or being employed as a peace officer of the state, county, city, city and county or other political subdivision, whether with or without compensation, and is disqualified from any office or employment by the state, county, city, city and county or other political subdivision, whether with or without compensation, which confers upon the holder or employee the powers and duties of a peace officer:

"(1) Any person who <u>has been convicted of a felony</u> in this state or any other state.

". . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Any person who has been convicted of a felony, other than a felony punishable by death, in this state or any other state, or who has been convicted of any offense in any other state which would have been a felony, other than a felony punishable by death, if committed in this state, and who demonstrates the ability to assist persons in programs of rehabilitation may hold office and be employed as a parole officer of the Department of Corrections or the Department of the Youth Authority, or as a probation officer in a county probation department, if he or she has been granted a full and unconditional pardon for the felony or offense of which he or she was convicted. Notwithstanding any other provision of law, the Department of Corrections or the Department of the Youth Authority, or a county probation department, may refuse to employ any such person regardless of his or her qualifications.

". . . . . . . . . . . . . . . . . . . . . . . . ."
(Emphasis added.)

In 63 Ops.Cal.Atty.Gen. 591 (1980) we concluded that a person who has been convicted of a felony in federal court, whose conviction has been set aside pursuant to section 5021 of title 18 of the United States Code, is not eligible for employment as a California peace officer. Specifically, we determined, upon a comprehensive analysis, that the Legislature intended that in the absence of a full and unconditional pardon, a person who has a felony conviction set aside under the federal provision would nevertheless fall within the constraints of Government Code section 1029. (Id. at

596.)  We have carefully reconsidered that analysis and find no basis for modifying our characterization of legislative intent.  On the contrary, it is noted that since the issuance and publication of that opinion, the Legislature has twice amended in material respects the provisions of Government Code section 1029, without effecting any change which would provide a basis for such modification.  (Stats. 1984, ch.387, § 1; Stats. 1985, ch. 468, § 1.)  It must be presumed that the interpretation set forth in that opinion had come to the attention of the Legislature, and if it were contrary to the legislative intent that some corrective measure would have been adopted.  (California Correctional Officers' Assn. v. Board of Administration (1978) 76 Cal.App.3d 786, 794; Sonoma County Bd. of Educ. v. Pub. Emp. Rel. Bd. (1980) 102 Cal.App.3d 689, 700; 67 Ops.Cal.Atty.Gen. 519, 522 (1984).)[2]

Two fundamental issues remain.  The first concerns the power of the Congress to supersede the determinations of a state regarding the qualifications of its peace officers.  In 63 Ops.Cal.Atty.Gen. 591, supra, we focused on National League of Cities v. Usury (1976) 426 U.S. 833 for the proposition that the Tenth Amendment prohibited Congress from exercising its power to force directly upon the state its choices as to how essential decisions regarding the conduct of integral government functions are to be made.  In that case, the court found that Congress could not withdraw from the state the authority to make fundamental employment decisions with regard to the carrying out of its basic function of furnishing public services, including police protection.  We expressed the view that the determination of qualifications for peace officers falls within such state authority.  (63 Ops.Cal.Atty.Gen., supra, 599.)

National League of Cities v. Usury, supra, 426 U.S. 833, was subsequently overruled in Garcia v. San Antonio Metropolitan Transit Authority et al. (1985) 469 U.S. 528.  Hence, we now consider the second fundamental issue, whether the federal law did in fact preempt Government Code section 1029, which forecloses categorically, with certain narrow exceptions, from employment as a peace officer any person whose conviction has been set aside pursuant to the Federal Youth Corrections Act.

---

[2]A subsidiary issue neither posited nor considered in the prior opinion is the nature of a "conviction" for purposes of Government Code section 1029.  In Boyll v. State Personnel Board (1983) 146 Cal.App.3d 1070, the court held that a conviction must include both the guilty plea or verdict and a judgment entered thereon.  (Id. at 1074.)  Thus, where an applicant for a peace officer position had pleaded guilty to a felony charge, and the court suspended further proceedings without rendition of judgment or imposition of sentence, and following successful completion of a rehabilitation program dismissed the criminal charge, section 1029 could not operate as a bar.  (Id. at 1075-1076.)  While the term "conviction" in section 5021 of the Federal Youth Corrections Act included a verdict, finding, or plea of guilty (or nolo contendere) and a judgment (§ 5006(g)), the Act does provide an alternative procedure under which the court may suspend the imposition of sentence and place the youth offender on probation.  (§ 5010.)  In such a case, Government Code section 1029 would not constitute a barrier against employment as a peace officer.

In Silkwood, etc. v. Kerr-McGee Corp., et al. (1984) 464 U.S. 238, 248, the Supreme Court set forth the principles of federal preemption:

"As we recently observed in Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Comm'n, 461 U.S. 190 (1983), state law can be pre-empted in either of two general ways. If Congress evidences an intent to occupy a given field, any state law falling within that field is pre-empted. Id., at 203-204; Fidelity Federal Savings & Loan Assn. v. De la Cuesta, 458 U.S. 141, 153 (1982); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947). If Congress has not entirely displaced state regulation over the matter in question, state law is still pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law, Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-143 (1963), or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress, Hines v. Davidowitz, 312 U.S. 52, 67 (1941). Pacific Gas Electric, supra, at 204."

(See also 63 Ops.Cal.Atty.Gen. 647, 655 (1980).) It remains to be determined whether Government Code section 1029 "stands as an obstacle to the accomplishment of the full purposes and objectives" of the Federal Youth Corrections Act. We conclude that it does.

There can be no doubt that one of the purposes of the Act was to facilitate employment opportunities. In Doe v. Webster (D.C. Cir. 1979) 606 F.2d 1226, 1234-1240, the court summarized the purposes of the Act:

"[The authors'] primary concern was that rehabilitated youth offenders be spared the far more common and pervasive social stigma and loss of economic opportunity that in this society accompany the 'ex-con' label. While the legislative history offers little guidance as to the reasoning behind the drafters' choice of terminology, it is crystal-clear in one respect: they intended to give youthful ex-offenders a fresh start, free from the stain of a criminal conviction, and an opportunity to clean their slates to afford them a second chance, in terms of both jobs and standing in the community. . . .

"Chief Judge Orie L. Phillips, of the United States Court of Appeals for the Tenth Circuit, made the same point, stating that '. . . the Act does provide for the wiping out of the conviction if the youth is discharged, rehabilitated, and behaves himself well after his period of supervision. The purpose of that is to help him get a job and keep him from having to be turned down by a prospective employer because of the fact that he has a conviction.' Id. at 70. [3] And Chief Judge John J. Parker, of the United States Court of Appeals for the Fourth Circuit, Chairman of the Committee, testified as to 'one feature in

_____

[3]The references are to the Hearings on S. 1114 and S. 2609 Before a Subcommittee of the Senate Committee on the Judiciary, 81st Congress, 1st Session 7 (1949); Report of the Judicial Conference of Senior Circuit Judges 19 (1946).

this bill which is very salutary and that is if the youth offender is reclaimed . . ., they can strike out the sentence imposed on him and completely set aside his conviction so that he will not have a criminal record staring him in the face.' Id. at 45.

"Accordingly, the various Circuits have consistently stressed both the rehabilitative aspects of the Act and its purpose to provide youthful ex-offenders a fresh start free of the economic and social disabilities attributable to a criminal conviction.

". . . . . . . . . . . . . . . . . . . . . .

"The Youth Corrections Act was designed to break that chain, to give those young people who have not yet matured into hardened criminals an opportunity to break out into normal society, with jobs, opportunities, and freedom from the stigma of a criminal record."

(And see United States v. Campbell (9th Cir. 1984) 724 F.2d 812.) Hence, Government Code section 1029, which forecloses catergorically, with certain narrow exceptions, from employment as a peace officer any person whose conviction has been set aside pursuant to the Federal Youth Corrections Act, "stands as an obstacle to the full purposes and objectives" of that Act.

As one of the numerous legal barriers[4] attendant upon conviction, therefore, Government Code section 1029 has been superceded by the provisions of the federal Act.[5] The court in Doe v. Webster, supra, 606 F.2d at 1239, fn. 51, took particular note of legal barriers against government employment:

". . . Private employers often avoid hiring applicants with criminal records, and there are even more formidable barriers where public employment or entry into licensed occupations is sought. The federal government . . ., every state, . . . and most municipalities, . . . allow for the exclusion of ex-convicts from most regulated occupations. Such licensing has been held to be a valid exercise of local police power."

Nevertheless, we are not aware of any case, state or federal, which has held that the federal Act by implication prohibits an employer having knowledge of a conviction from taking that

---

[4]An offender may, under the Act, be relieved of numerous civil and criminal disabilities (e.g., use of prior conviction as basis for enhancement, Tuten v. United States (1983) 460 U.S. 660; as basis for firearms offense, United States v. Fryer (6th Cir. 1976) 545 F.2d 11; as basis for deportation, Mestre Morera v. United States Immigration and Naturalization Service (1st Cir. 1972) 462 F.2d 1030; and numerous other disabilities, cf. Doe v. Webster, supra, 606 F.2d at 1233-1234, and United States v. Doe (1st Cir. 1984) 732 F.2d 229, 232).

[5]Any implication to the contrary in 63 Ops.Cal.Atty.Gen., supra, 598-599, is herewith disapproved.

fact into consideration.  It has been held in this regard that an offender may not rely upon the Act as a basis of concealment from prospective employers.  As stated in <u>United States</u> v. <u>Doe</u> (11th Cir. 1984) 747 F.2d 1358, 1359, quoting from <u>United States</u> v. <u>Doe</u>, <u>supra</u>, 732 F.2d at 231:

> "The legislative history of the Act reveals that section 5021(a) 'was not contemplated as a method of concealing the fact of conviction from employers, but rather as a way of opening up job opportunities to youth offenders in positions which, for reasons of company policy, government regulation, or otherwise, would not be available for ex-convicts.'"

Thus, concluded the court, ". . . we read the set-aside provision as eliminating any legal disabilities that might flow from a conviction, but not as helping a youth offender conceal his past or lie to prospective employers." (<u>United States</u> v. <u>Doe</u>, <u>supra</u>, at 232.)  While other courts have concluded that the Act requires expungement of the record of conviction and enables the offender to "legally reply in the negative to any and all questions concerning his former conviction" (see <u>Doe</u> v. <u>Webster</u>, <u>supra</u>, 606 F.2d at 1234, 1244, and cases cited, n. 66), we view the balanced approach adopted by the court in <u>United States</u> v. <u>Doe</u>, <u>supra</u>, 231-232, as most consistent with the congressional text.

In any event it is assumed for purposes of this analysis that the state is aware of the conviction, whether by virtue of an admission or otherwise.  While Government Code section 1029 has been removed as a legal barrier, an employer is not prohibited by the Act from exercising its own judgment respecting the fact of conviction as well, perhaps, as the circumstances surrounding the conduct which gave rise to the conviction.

It is concluded that a person whose felony conviction has been set aside pursuant to the Act is eligible for employment in this state as a peace officer.  However, the conviction may be considered as a basis for an employment decision.

* * * * *

6.                                                                                                    87-1203