**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Leonard F. DAVISON,
Defendant–Appellee.**

No. 87–3056.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1988.

Withdrawn from Submission
Aug. 24, 1988.

Resubmitted Sept. 1, 1988.

Decided Sept. 1, 1988.

Sidney M. Glazer, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

David Z. Nevin, Boise, Idaho, for defendant-appellee.

---

* Of the Southern District of California.

1. Because Davison was a member of the Coeur D'Alene Indian Tribe he was prosecuted under the Major Crimes Act, 18 U.S.C. § 1153.

2. That section provided:
   If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Commission prior to

Before WRIGHT and CANBY, Circuit Judges, and RHOADES,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Davison was sentenced in 1974 under the Youth Corrections Act, 18 U.S.C. § 5005 *et seq.* Congress repealed the Act in 1984. In 1986, the government moved to convert Davison's sentence to that of an adult under section 5010(d). The court denied the government's motion, holding that it lacked authority to change Davison's sentence because Congress repealed the Act without a savings clause. 655 F.Supp. 1254 (D.Idaho 1987).

We affirm the court's denial of the motion under *United States v. Won Cho,* 730 F.2d 1260 (9th Cir.1984) (en banc), and do not consider the effect of Congress's repeal.

## BACKGROUND

Davison was convicted of robbery, burglary, and murder. A federal jury[1] found that he and two accomplices entered the home of an elderly woman to rob her. Once inside, they kicked and beat her to death and took her money. Because Davison was 17 years old when he committed the offense, he was eligible for sentencing under the Youth Corrections Act.

The sentencing judge considered Davison's "background, lack of guidance and training, his amoral, asocial and calloused attitude toward life and his responsibilities to himself and society" and determined that he would not "derive maximum benefit" from YCA treatment. But he believed that Davison might benefit some from placement in a YCA facility and sentenced him under the Youth Corrections Act to life imprisonment and two terms of 15 years, to be served consecutively, under 5010(c).[2]

the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Commission as provided in section 5017(d) of the chapter.

While serving his sentence Davison was implicated in a prison murder. The Bureau of Prisons determined that he should be placed in a more secure institution in light of the seriousness of his initial offenses and his involvement in the new homicide. The government moved the court for a "no further benefit" hearing and amendment of his YCA sentence to that of an adult under 5010(d)[3] so that the Bureau could move him to an adult facility at Marion, Illinois. The court denied the motion, concluding that it lacked authority to amend Davison's sentence because Congress did not save section 5010(d) when it repealed the Act. The government appeals.

## ANALYSIS

### *Timeliness of the Appeal*

As an initial matter, we address Davison's claim that the government's notice of appeal was not timely.

■ Federal Rule of Appellate Procedure 4(b) provides that the government must file its notice of appeal within 30 days of the court's judgment. If the government files a petition for rehearing, "the 30–day limit runs from the denial of a timely petition ... rather than from the date of the order itself." *United States v. Dieter*, 429 U.S. 6, 7–8, 97 S.Ct. 18, 19, 50 L.Ed.2d 8 (1976).

The government moved for reconsideration within 30 days of the judgment dismissing the action. Within 30 days of the court's denial of that motion, the government filed its notice of appeal. Under the rule in *Dieter* it was timely.

### *Applicability of § 5010(d)*

■ The only other court to consider whether section 5010(d) was saved held that it was. In *United States v. Jackson*, 681 F.Supp. 295 (D.Md.1988), the court analyzed section 5010(d) and the general savings clause, 1 U.S.C. § 109, to conclude that the "no further benefit" provision was saved despite Congress's failure to provide

a specific savings clause. We need not decide that issue. Even if the court's authority under section 5010(d) was saved, the factual circumstances here do not support its exercise.

In *Ralston v. Robinson*, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), the Supreme Court considered whether section 5010(d) authorized judges to convert a YCA sentence to an adult sentence once the YCA sentence had been executed. While serving a YCA sentence imposed under section 5010(c) Robinson was convicted of another offense. The judge imposed a consecutive adult sentence and converted the remainder of his YCA sentence to an adult sentence under section 5010(d).

The Court rejected Robinson's claim that YCA sentences were irrevocable and upheld the judge's application of the section. It acknowledged that under the common law a judge could not increase an executed sentence but concluded that in section 5010(d) Congress amended that rule and authorized judges to do so. *Robinson*, 454 U.S. at 218 n. 10, 102 S.Ct. at 244 n. 10. The Court held that Congress intended that judges could convert a YCA sentence if, in light of subsequent events, YCA treatment proved futile. *Robinson*, 454 U.S. at 217, 102 S.Ct. at 243. Robinson's additional conviction was such an event.

In *United States v. Won Cho*, 730 F.2d 1260 (9th Cir.1984) (en banc), we considered whether section 5010(d) authorized judges to convert YCA sentences when the youthful offender had not been convicted of another offense, but had violated terms of probation. Won Cho was sentenced to a split term under section 5010(b). While serving the probation portion, he violated its terms. Upon the government's motion, the court determined that he would not benefit further from YCA treatment, revoked his parole, and converted his sentence to that of an adult under section 5010(d). We reversed, holding that section

---

18 U.S.C. § 5010(c).

**3.** That section provided:
    If the court shall find that the youth offender will not derive benefit under subsection (b) or (c), then the court may sentence the youth offender under any applicable penalty provision.
18 U.S.C. § 5010(d).

5010(d) authorized judges to convert a YCA sentence only when the offender had been convicted in federal court of an additional offense.

In interpreting Section 5010(d) we were constrained by the Court's opinion in *Robinson* and the Probation Act, 18 U.S.C. § 3653. We concluded that *Robinson* construed section 5010(d) as an implicit exception to the common law rule prohibiting increases in executed sentences. The Probation Act, incorporated into the YCA by section 5023(a), provided that when revoking probation, a judge may impose the original sentence or any lesser sentence. But the judge may not impose a sentence greater than that originally imposed. We held that for the purposes of the Probation Act, an adult sentence was greater than a YCA sentence. *Won Cho,* 730 F.2d at 1269. Reading *Robinson* and the Probation Act together, we held:

> After studying the Court's opinion in *Robinson,* along with the YCA, the Probation Act, and the relevant case law, we have concluded that [section 5010(d)] does not authorize courts to increase YCA sentences to adult sentences when there has been only a probation violation. Rather a YCA sentence may be converted to an adult sentence only when a district court has convicted the youth offender of an additional criminal offense.

*Id.* at 1270–71.

This interpretation of section 5010(d) binds us here. The court correctly dismissed the government's motion because Davison has not been convicted of another offense.

CONCLUSION

The order of the district court denying the government's motion is AFFIRMED.